**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**William Stanley STEWART, aka
Stanislaus William White,
Defendant/Appellant.**

**No. 85–1306.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 1986.

Decided Sept. 12, 1986.

Dennis Michael Nerney, Asst. U.S. Atty., San Francisco, Cal., for plaintiff/appellee.

Alan M. Caplan, Bushnell, Caplan & Fielding, San Francisco, Cal., for defendant/appellant.

Before MERRILL, NELSON, and WIGGINS, Circuit Judges.

MERRILL, Circuit Judge:

Stewart stands convicted of six counts of distribution, possession with intent to distribute, and conspiracy to distribute cocaine and LSD. His conviction was affirmed by this court. *United States v. Stewart*, 770 F.2d 825 (9th Cir.1985) (*Stewart I*), *cert. denied*, —— U.S. ——, 106 S.Ct. 888, 88 L.Ed.2d 922 (1986). We did, however, remand for resentencing in order to correct what we found to be errors in the sentencing process. Following remand, he was resentenced to the sentence originally imposed, and his present appeal is from that sentence.

In his original sentencing hearing and on appeal in *Stewart I*, Stewart had challenged much of the information contained in his presentence report. Federal Rule of Criminal Procedure 32(c)(3)(D) provides that a sentencing court faced with such a challenge "shall, as to each matter controverted, make (i) a finding as to the

allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Following *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984), we ruled that the district court had failed to comply with the rule and remanded for resentencing in order to allow the district court to comply.

The challenged information related to activities of Stewart in Canada. Following its resentencing hearing, the court made the following finding:

> The court's determination as to sentence is predicated upon solely the facts which were presented in both trials of this matter.... [T]he court does not in any way consider or take into its sentencing consideration the matters that refer to events which allegedly occurred in Canada.

This constitutes compliance with Rule 32(c)(3)(D).

Stewart had been tried with a co-defendant North, who had received sentences totaling three and one-half years. For the crimes for which both he and North were convicted, Stewart has received sentences totaling fifteen years. (He has also received an additional consecutive sentence of ten years for possession of 25.37 grams of cocaine with intent to distribute, a crime for which North was not indicted. Thus, Stewart's total sentence is twenty-five years.)

In *Stewart I* this court noted the disparity in sentencing. We stated: "[W]ithout an explanation it is difficult to assess the reasons for the marked disparity.... An explanation on the record would be helpful to the reviewing court and adequate reasons would dispel the appearance of unfairness." 770 F.2d at 833.

The district court has now made findings to justify the disparity. Following the hearing on resentencing, it stated:

> "The court makes the following special findings ... with respect to its reason for its disparity in sentencing this de-

fendant as opposed to the defendant North.

"One, ... the court finds that the culpability and involvement of this defendant is far greater than the culpability and involvement of the defendant North.

"The court further finds that there is sufficient evidence to believe that this defendant was in fact the leader of the conspiracy between these two individuals to manufacture, possess and distribute LSD. That this defendant had additional offenses for which the defendant North was not found guilty by the jury nor indicted by the grand jury.

"Further, this defendant has shown no remorse whatsoever. As a matter of fact, he tells this court that he is in no way arrogant nor does he hold any disdain toward the judicial system or to this court or to the administration of justice or to the enforcement of our laws when in fact his conduct belies that. The court does find he has been arrogant and disdainful throughout these proceedings and continues to show that. He in no way wishes to own up to his responsibility, to in any way admit to the responsibilities for which he is liable in connection with the offenses for which he is before the court.

"Further, the court finds that indeed because of this man's intelligence, education, and his experience that there is sufficient evidence to lead this court to believe that he very likely was the manufacturer of the LSD tabs that were distributed by himself and by Mr. North. That there was a substantial quantity of LSD hits ...—there were 45 to 50,000 that were sold to the undercover agent and an agreement entered into by these people to distribute another 30,000 and perhaps later on even more if this matter had continued undetected and unchecked.

"The court further finds that the disparity of the sentences is not unjust in the light of the involvement of this defendant and that the deterrent effects that such a sentence will have upon others who are similarly inclined to involve themselves in this kind of offense, particularly in the Santa Cruz area from whence this defendant came and where his illicit operations took place."

 Stewart attacks these findings, asserting that the reference to the likelihood that he manufactured the LSD is wholly speculative. In our judgment, there was enough evidence in the record to support the inference drawn by the district court. The district court may rely on such inferences in sentencing. *United States v. Hull,* 792 F.2d 941 (9th Cir.1986); *United States v. Robelo,* 596 F.2d 868 (9th Cir. 1979). The fact that the court relied only on evidence in the trial record distinguishes this case from that of *United States v. Weston,* 448 F.2d 626 (9th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972). The court's statement of reasons provides an explanation for the disparity such that it cannot be said that in imposing the sentence the court acted arbitrarily.

In all respects, the sentence imposed upon Stewart is AFFIRMED.