852 F.2d 573
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Stanley STEWART, also known as Stanislaus William
White, Defendant-Appellant.
 No. 87-1233.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1988.*
Decided July 7, 1988.
 Before RUGGERO J. ALDISERT,*** BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Northern District of California; Robert P. Aguilar, District Judge, Presiding.
 
 
 2
 MEMORANDUM**
 
 
 3
 William Stanley Stewart, also known as Stanislaus William White, appeals the district court's denial of his Rule 35(b) motion to reduce his sentence. We affirm.
 
 FACTS AND PROCEEDINGS
 
 4
 In 1982, Stewart was arrested along with Michael North for trafficking LSD and cocaine. Later, a jury convicted Stewart on (1) three counts of distributing LSD; (2) one count of conspiracy to distribute LSD; (3) one count of possession of cocaine with intent to distribute; and (4) one count of conspiracy to distribute cocaine. The district court then sentenced Stewart to twenty-five years imprisonment. (North had also been convicted; the district court sentenced him to three and one-half years.) On appeal, we affirmed Stewart's convictions, but vacated his sentence and remanded for resentencing. United States v. Stewart ("Stewart I"), 770 F.2d 825 (9th Cir.1985), cert. denied, 474 U.S. 1103 (1986).
 
 
 5
 On remand, the district court resentenced Stewart to twenty-five years. The district court gave five reasons for giving Stewart a longer sentence than North. Stewart (1) was the leader of the operation; (2) was guilty of additional offenses for which North was not found guilty; (3) showed no remorse and was arrogant toward the legal system; (4) was probably the manufacturer of the LSD tablets; and (5) could serve as an example to other drug dealers in the community. On appeal, we affirmed. United States v. Stewart ("Stewart II"), 799 F.2d 580, 582 (9th Cir.1986).
 
 
 6
 Stewart then filed a Rule 35(b) motion for reduction of sentence, which the district court denied.
 
 DISCUSSION
 
 7
 Stewart alleges the district court abused its discretion because it failed to give proper credit to six items of evidence presented by Stewart.
 
 
 8
 A court abuses its discretion when its decision is either based on an erroneous conclusion of law or when the record contains no evidence on which it could have based that decision. United States v. Schlette, 842 F.2d 1574, 1577 (9th Cir.1988). Thus, this court will reverse only if it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Id.
 
 
 9
 We conclude that the district court did not abuse its discretion when it refused to reduce Stewart's sentence. Even when Stewart's six pieces of evidence are considered in combination, they do not create a definite and firm conviction that the district court committed a clear error of judgment.
 
 1. Correctional Consultant Recommendation
 
 10
 Though the correctional consultant does recommend a reduced sentence, his report fails to rebut any of the reasons upon which the district court based its sentence. In fact, the report supports the district court's sentencing decision. In the report, Stewart never acknowledges guilt for his crimes; instead, he states: "On some level, I didn't really see myself responsible for my action and felt that the drug laws were wrong."
 
 
 11
 2. Recommendations From Stewart's Prison Employers
 
 
 12
 Though all of Stewart's employers gave favorable evaluations of Stewart's work, none of them recommended him for an early release. Even if they had made such a recommendation, none of them is an expert on this matter.
 
 3. Salient Factor Score
 
 13
 Contrary to Stewart's argument, the guideline recommendations fail to indicate that he should have been released after twenty-four to thirty-six months; instead, they suggest a term of sixty to ninety months. Stewart misleadingly relies on a guideline recommendation that only covers the three LSD distribution counts; he fails to take into account the time added by the guideline recommendations for the other three counts.
 
 4. Education at Prison
 
 14
 Two of Stewart's instructors believed that Stewart could function well outside of prison. However, neither recommended an early release. Even if they had made such a recommendation, neither of them are experts on these matters.
 
 5. Extra Good Time Recommendation
 
 15
 As of December 1986, Stewart had received fifty-nine days of extra good time; not just the thirty days he mentions. However, Stewart's receipt of extra good time fails to render the district court's denial an abuse of discretion for two reasons. First, the extra good time program already gives Stewart credit for his good behavior. Thus, if Stewart also gets his sentence reduced on the basis of extra good time, he in effect gets to "double bill" his good behavior. Second, extra good time does not necessarily gauge a prisoner's suitability for release because it does not take into account the severity of the underlying offense.
 
 6. Recent Progress Report
 
 16
 Stewart's citation of positive statements from his progress report is misleading. Though Stewart indeed received positive reviews, the progress report undermines his claim that the sentence is too long. The report recommends parole in May 1992; this release date is within the guidelines for time to be served by a prisoner in Stewart's situation. Presumably, an excessive sentence would necessarily produce a parole date outside of the guidelines.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 ***
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation