UNITED STATES of America, Plaintiff–Appellee,

v.

Lino CATABRAN, Defendant–Appellant.

No. 88–1284.

United States Court of Appeals, Ninth Circuit.

Submitted August 31, 1989.*

Decided Sept. 8, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David W. Dratman, Sacramento, Cal., for defendant-appellant.

John Panneton, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before TANG, NELSON and REINHARDT, Circuit Judges.

PER CURIAM:

In a prior appeal by Lino Catabran, we affirmed his jury conviction of concealment of assets during a bankruptcy proceeding (count II) and destruction and concealment of records of a bankrupt corporation (count IV), both in violation of 18 U.S.C. § 152 (1982). *United States v. Catabran,* 836 F.2d 453, 461 (9th Cir.1988). The district court had sentenced Catabran to an 18-month prison term on count IV and 5 years' probation on count II. Catabran now appeals the district court's denial of his post-appeal Fed.R.Crim.P. 32 motion to correct his presentence report and his Fed.

R.Crim.P. 35 motion to reduce his 18-month prison term. We affirm.

**A. Fed.R.Crim.P. 32 Motion**

For the first time in his post-appeal Rule 32 motion, Catabran challenged the accuracy of information contained in his presentence report which allegedly implies that the value of the inventory and other assets which he converted was approximately $330,000.

■ Rule 32 sets forth the procedure which the district court must follow when a defendant alleges any factual inaccuracy in a presentence report. *See* Fed.R.Crim.P. 32(c)(3)(D); *United States v. Stewart,* 799 F.2d 580, 581 (9th Cir.1986). However, Rule 32 "allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later."[1] *United States v. Freeny,* 841 F.2d 1000, 1002 (9th Cir.1988) (per curiam). Although *Freeny* involved a challenge to a post-sentence report, we believe that the reasoning in *Freeny* applies equally to a presentence report. Thus, once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report.[2] *See id.* Accordingly, the district court did not err in denying Catabran's Rule 32 motion. *See id.* at 1001-02.

**B. Fed.R.Crim.P. 35 Motion**

■ We ordinarily do not review a sentence that falls within the statutory limits absent constitutional concerns. *United States v. Meyers,* 847 F.2d 1408, 1416 (9th Cir.1988). Here, Catabran's sentence is within the statutory maximum. *See* 18 U.S.C. § 152. Further, he asserts no constitutional claim.

In addition, Catabran argues for the first time on appeal that the district court should have decided his Rule 35 motion without considering the allegedly incorrect

---

1. The record indicates that before sentencing, Catabran corrected one factual inaccuracy in the presentence report and then informed the district court that there were no other factual inaccuracies.

2. Although in the district court Catabran expressed a concern that the challenged informa-

tion will have an adverse effect when he is considered for parole, his recourse is to contest this presentence report information before the Parole Commission. *See* 28 C.F.R. § 2.19(c) (1988). We understand that Catabran may by now have already challenged the disputed information at a parole hearing.

value of converted property set forth in the presentence report.[3] However, Catabran failed to present this issue at the time of sentencing and offers no reason for failing to do so. In these circumstances, the district court did not abuse its discretion by denying Catabran's Rule 35 motion. *See United States v. Gonzales,* 765 F.2d 1393, 1395–96 (9th Cir.1985), *cert. denied,* 474 U.S. 1068, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986).

AFFIRMED.

---

**3.** We note that the record indicates that the district court's decision to deny Catabran's Rule 35 motion apparently was not based upon the alleged value of the converted property.