**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas HENRIQUE, Defendant–Appellant.**

No. 92–10397.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 1993 *.

Decided March 18, 1993.

Charles Rothbaum, Visalia, CA, for defendant-appellant.

Carl M. Faller, Jr., Asst. U.S. Atty., Fresno, CA, for plaintiff-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4. Accordingly, appellant's request for oral argument is denied.

Before: WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.

PER CURIAM:

Thomas Henrique appeals the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence imposed following entry of a guilty plea to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Henrique contends his sentence illegally prohibits him from being released on parole prior to completion of his entire term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In making his motion for correction of illegal sentence before the district court, Henrique apparently mistakenly relied on the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987. This version of Rule 35(a) permitted the district court to "correct an illegal sentence at any time." *See* Fed.R.Crim.P. 35(a) (1987).

 Henrique attempts to style his appeal in this action as one from a denial of a 28 U.S.C. § 2255 motion for correction of sentence. Nonetheless, because Henrique has had the benefit of counsel throughout trial and on appeal, we decline to treat his Rule 35 motion as a section 2255 motion. *See United States v. Kohl*, 972 F.2d 294, 296–97 (9th Cir.1992) (where pro se defendant mistakenly filed motion for correction of sentence under pre–1987 version of Rule 35, motion should be construed liberally as one made pursuant to section 2255).

Henrique pleaded guilty to a conspiracy offense which began at an unknown date but continued until approximately March 10, 1988. Rule 35(a) was substantially amended effective November 1, 1987. Because the conspiracy for which Henrique was convicted did not end until March 1988, he is subject to the amended version of Rule 35(a). *Cf. United States v. Inafuku*, 938 F.2d 972, 974 (9th Cir.1991) ("[s]ince agreement to participate in the conspiracy occurs not only at the point of entry into the conspiracy but also on an ongoing basis until withdrawal or cessation of the conspiracy, it does not violate the prohibition against ex post facto laws to apply the standards that were in effect at the point at which the conspiracy terminated"), *cert. denied,* — U.S. ——, 112 S.Ct. 877, 116 L.Ed.2d 782 (1992). The version of Rule 35(a) applicable to offenses committed after November 1, 1987 permits a district court to correct a sentence only on remand from an appellate court which has determined that the sentence was "imposed in violation of the law, ... imposed as a result of an incorrect application of the sentencing guidelines, or ... [is] unreasonable."

Accordingly, the district court did not have authority to grant the relief Henrique sought and properly denied the motion for correction of sentence. *See* Fed.R.Crim.P. 35(a) (1988).

AFFIRMED.