992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John LANGERSTON, aka John L. Johnson, Defendant-Appellant.
 No. 90-10126.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1993.*
Decided April 28, 1993.
 
 Before SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Langerston ("Langerston") pleaded guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to fifteen years imprisonment and ten years supervised release. Langerston filed a timely but unsuccessful motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b).[1] Langerston then filed a motion for reconsideration, which was also denied. Although Langerston timely appealed from that denial, we have no jurisdiction over the issues he raises. The appeal must be dismissed.
 
 I. Motion for Reduction of Sentence
 A. Jurisdiction
 
 3
 Langerston's offense was committed in April 1987. Under the version of Rule 35(b) applicable to offenses committed prior to November 1, 1987:
 
 
 4
 [a] motion to reduce a sentence may be made ... within 120 days after the sentence is imposed ... or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation modification. The court shall determine the motion within a reasonable time.
 
 
 5
 "The district court's ruling on a Rule 35 motion is reviewed for illegality or gross abuse of discretion." United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 6
 The judgment in this case was entered on November 18, 1987. Langerston filed his Rule 35 motion on March 14, 1988, well within the 120-day time limit specified in the Rule. The motion was denied on May 11, 1988. Langerston did not file a notice of appeal from the order denying his motion. Instead, Langerston waited until November 29, 1989 to file his motion for reconsideration, which was denied on February 7, 1990.
 
 
 7
 The district court did not have jurisdiction to entertain Langerston's motion for reconsideration. The 120-day time limit of Rule 35 is jurisdictional:
 
 
 8
 [T]he timely filing of a Rule 35 motion does not give a district court jurisdiction to entertain subsequent, untimely Rule 35 motions. The second motion will not be deemed to relate back to the first motion. Nor is the jurisdictional defect cured by styling the subsequent motion as a "motion for reconsideration."
 
 
 9
 United States v. Hetrick, 644 F.2d 752, 756 (9th Cir.1980) (citations omitted). Langerston's motion for reconsideration was filed eighteen months after the district court's denial of his Rule 35 motion, and well beyond 120 days from the imposition of the sentence. The district court erred by considering the motion for reconsideration, and we are without jurisdiction to review the merits.
 
 
 10
 Moreover, we are without jurisdiction to review the district court's denial of the original, timely Rule 35 motion. Under Fed.R.App.P. 4(b), a party must file a notice of appeal within 10 days after the date of entry of the judgment or order appealed from. Langerston failed to file any notice of appeal from the denial of the motion. Absent a timely notice of appeal, we have no jurisdiction to review the decision of the district court.[2]
 
 
 11
 B. Failure to Consider Post-Incarceration Accomplishments
 
 
 12
 Langerston also argues that the district court erred by refusing to consider his accomplishments while in prison in ruling on the Rule 35 motion. As noted above, we lack jurisdiction to review the district court's denial of the Rule 35 motion. Furthermore, the "Extra Good Time Recommendations" and other documents which Langerston cites in support of his accomplishments were never filed in the district court. "Pursuant to Federal Rule of Appellate Procedure 10(a), exhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record." See United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989). While we commend Langerston on his conduct while in prison, we are not able to consider these documents on appeal.[3]
 
 
 13
 II. Reliance on Information in Presentence Report
 
 
 14
 Langerston's final claim is that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make written findings about controverted information in the presentence report.[4] Langerston made this argument in his August 14, 1991 Rule 32 motion. "Finding no meritorious arguments in the petition," the district court denied his motion on September 9, 1991. Langerston did not appeal. Once again, we have no jurisdiction over Langerston's claim. Langerston's Rule 32 motion was not filed until seventeen months after the filing of his original notice of appeal. The denial of the Rule 32 motion was not encompassed by the March 5, 1990 notice of appeal, nor has Langerston made any effort to appeal the order itself.
 
 
 15
 Moreover, the district court had no jurisdiction to entertain the Rule 32 motion. "[O]nce the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report." United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir.1989). Langerston did not object to the factual information in the presentence report prior to sentencing. His attempt to do so more than three and a half years later simply is not timely.
 
 
 16
 Because we are without jurisdiction, Langerston's appeal must be dismissed.
 
 
 17
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Langerston did not take a direct appeal from his sentence
 
 
 [2]
 Were we to reach the merits of the appeal, we would affirm the decision of the district court. The "mitigating" information which Langerston describes in his Rule 35 motion was available to the district court prior to sentencing (e.g., from the presentence report). Langerston's remaining arguments go to the harshness of the sentence and Langerston's conduct while in prison. The district court "considered defendant's motion and reviewed the record" before denying the motion. We would not find such a denial to constitute a "gross abuse of discretion."
 
 
 [3]
 In addition, all of these documents are dated after Langerston submitted his last supplement in support of his motion for reconsideration. In fact, all but one of the documents are dated after the district court's denial of that motion
 
 
 [4]
 Langerston claims that the district court erred by denying his Rule 35 motion because it relied on this controverted information when setting the sentence. However, Langerston did not raise this argument in his filings in the district court in support of his motions for a reduction of sentence