996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Wayne PRIDDY, Defendant-Appellant.
 No. 92-6048.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1993.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion for resentencing filed under Rule 35(a), Fed.R.Crim.P. In 1991, Kenneth Wayne Priddy pleaded guilty to three counts of aiding and abetting the robbery of an F.D.I.C. bank in violation of 18 U.S.C. §§ 2113 and 2. The district court sentenced Priddy to three concurrent 87 month terms of imprisonment. Priddy did not take a direct appeal from this conviction. In 1992, Priddy filed a motion in which he sought a recalculation of his guideline sentence. The district court subsequently denied the motion and this appeal followed. The parties have briefed the issues; Priddy is proceeding without benefit of counsel.
 
 
 3
 Upon consideration, we find no error in the district court's judgment. Priddy filed his motion for resentencing under Rule 35(a), Fed.R.Crim.P., as an original action in the district court. Priddy argued in his motion that the court's initial calculation of his criminal history was in error as it included violations of local ordinances (operating a vehicle on a suspended license and no registration plates, and for possession of marijuana) that resulted in only a nine-day jail sentence.
 
 
 4
 It is initially noted that the version of Criminal Rule 35(a) applicable to Priddy, as he originally pleaded guilty to an offense occurring after November 1, 1987, provides only for correction of a criminal sentence on remand from an appellate court, not as an original action. It consequently appears that the district court lacked the authority to grant the relief sought. Cf. United States v. Henrique, --- F.2d ----, 1993 WL 73920 (9th Cir. March 18, 1993).
 
 
 5
 We also agree that the motion lacks merit. Priddy's criminal history calculation included a one point increase for an earlier misdemeanor conviction for possession of marijuana under a local (Elizabethtown, Kentucky) ordinance. The district court added one point to Priddy's criminal history score under U.S.S.G. § 4A1.1(c) as a prior sentence not previously counted even though this possession offense conviction was entered pursuant to local ordinance. The guidelines specifically exclude most violations of local ordinances unless the offense is also a violation of state law. In that situation, the local ordinance exclusion does not apply. U.S.S.G. § 4A1.2, comment. (n. 12). In Kentucky, possession of marijuana is a violation of state law. Ky.Rev.Stat. § 218A.140. The appeal lacks merit.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.