19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theopolis Earl JACKSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55999.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theopolis Earl Jackson, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his 151-month sentence imposed following his jury conviction for possession with the intent to distribute cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. Secs. 841(a)(1) and 845. He also appeals the district court's denial of his virtually identical Fed.R.Crim.P. 36 and 32(c)(3)(D) motion. We affirm.
 
 STANDARD OF REVIEW
 
 3
 We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review for clear error the district court's denial of a Fed.R.Crim.P. 36 motion to correct clerical mistakes. United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988).
 
 DISCUSSION
 
 4
 Jackson contends that the district court erred in denying his motions because the court failed to make a factual finding that he sold cocaine base within 1,000 feet of a school and because his criminal conduct did not satisfy the guidelines established by the U.S. Attorney's Office for prosecution under 21 U.S.C. Sec. 845.
 
 I. 28 U.S.C. Sec. 2255 Motion
 
 5
 Generally, a collateral challenge under section 2255 "may not do service for a direct appeal." United States v. Frady, 456 U.S. 152, 155 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). Because Jackson failed to raise the claims in his section 2255 motion on direct appeal, see United States v. Jackson, No. 89-50695, unpublished memorandum disposition (9th Cir. June 28, 1991), he must show cause for his procedural default and actual prejudice resulting from the alleged errors in order to obtain collateral relief under section 2255. See Frady, 456 U.S. at 168.
 
 
 6
 Jackson alleges that he failed to raise these claims on direct appeal because he was bound by the actions of his appellate counsel, who failed to raise the claims. This is insufficient to establish cause for his procedural default. See Murray v. Carrier, 477 U.S. 478, 487-88 (1986). Accordingly, Jackson's procedural default bars review of these claims.
 
 II. Fed.R.Crim.P. 36 and 32(c)(3)(D) Motion
 
 7
 We affirm the district court's denial of Jackson's Fed.R.Crim.P. 36 and 32(c)(3)(D) motion because Jackson identified no clerical mistakes in his sentence, see United States v. Kaye, 739 F.2d 488, 490-91 (9th Cir.1984), and because the district court lacked jurisdiction under Rule 32(c)(3)(D) to review Jackson's post-appeal claim that the court failed to make a factual finding that he sold drugs within 1,000 feet of a school. See United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3