28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald R. LEW, Defendant-Appellant.
 No. 93-10718.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald R. Lew appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion challenging his 18-month sentence imposed following a guilty plea to bank fraud in violation of 18 U.S.C. Sec. 1014. Lew contends that the district court clearly erred by making an upward adjustment in his offense level for (1) the amount of loss and (2) more than minimal planning. He also argues that the government reneged on a promise to file a motion under Rule 35(b) for substantial assistance. We affirm.
 
 
 3
 For offenses committed after November 1, 1987, the applicable version of Rule 35(a) allows "a district court to correct a sentence only on remand from an appellate court which has determined that the sentence was 'imposed in violation of the law, ... imposed as a result of an incorrect application of the sentencing guidelines, or ... [is] unreasonable.' " United States v. Henrique, 988 F.2d 85, 86 (9th Cir.1993) (per curiam) (quoting Fed.R.Crim.P. 35(a)). Nevertheless, a district court may construe a pro se defendant's motion, erroneously brought under Rule 35, as a petition for relief under 28 U.S.C. Sec. 2255. See United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992). Although Lew improperly brought his motion for reduction of sentence under Rule 35, we construe this appeal as one from the denial of relief under section 2255. See id.
 
 
 4
 We deem Lew's arguments regarding the calculation of his offense level waived because he failed to raise them in his objections to the presentence report (PSR) at the sentencing hearing. See United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990) (declining to address challenge to PSR calculations where defendant failed to object before district court at time of sentencing), cert. denied, 112 S.Ct. 442 (1991). Similarly, we decline to address for the first time on appeal Lew's argument regarding the government's alleged promise to file a motion for substantial assistance because he failed to present it before the district court. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (declining to consider argument raised for the first time on appeal).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3