39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Robert SMITH, Defendant-Appellant.
 No. 94-30113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Robert Smith appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Smith challenges his sentence enhancement for being an armed career criminal pursuant to U.S.S.G. Sec. 4B1.4, contending that the district court's finding that he possessed the firearm "in connection with a controlled substance offense" (U.S.S.G. Sec. 4B1.4(c)(2)) was erroneous. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court's finding that Smith possessed the firearm in connection with a controlled substance offense is a factual finding reviewed for clear error. See United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992) (district court's finding that a defendant did not possess a firearm for an intended lawful use within the meaning of the Guidelines is a factual finding reviewed for clear error). Under the clearly erroneous standard, a factual finding must be affirmed unless the appellate court has a definite and firm conviction that a mistake was made. United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 4
 After reviewing the record, we have formed no such conviction. U.S.S.G. Sec. 4B1.2(1) defines "controlled substance offense," in pertinent part, as "an offense under federal or state law prohibiting the possession of a controlled substance with intent to manufacture, import, export, distribute or dispense." The government bears the burden of proving by a preponderance of the evidence the facts which form the basis of a sentence enhancement. United States v. Harrison-Philpot, 978 F.2d 1520, 1524 (9th Cir.1992), cert. denied, 113 S.Ct. 2392 (1993).
 
 
 5
 Here, Smith's probation officer became concerned that Smith, his fiance Jackie Edwards, and a friend, Eugene Ochsner, were selling methamphetamine and heroin from the apartment in which Smith and Edwards were living. The probation officer obtained a warrant for Ochsner's arrest. On April 27, 1993, the probation officers and deputy sheriffs surrounded the apartment. They placed a telephone call to the apartment and advised the occupants that the police were coming. Almost immediately, Ochsner came out of the apartment and was arrested. Shortly thereafter, Smith and Edwards came out of the apartment. Edwards was carrying heroin, methamphetamine, and marijuana which were packaged in various quantities in plastic baby bottle liners. Smith was accompanying Edwards and was carrying a loaded pistol with a round in the chamber and the safety off. A search of the apartment revealed more plastic baby bottle liners and two glass smoking pipes.
 
 
 6
 After Smith's arrest and after being assured that her statements would not be used against her, Edwards told Klamath Falls Sheriff Detective Rod Dailey that she and Smith sold drugs. Immunized by the government, Edwards also testified before a federal grand jury. A transcript of her grand jury testimony was received as an exhibit at Smith's sentencing hearing. In her testimony, Edwards indicated that Smith had been distributing controlled substances. She testified that at the time the police called there were drugs in the apartment. She testified that the baggies containing various quantities of controlled substances, which were seized from her purse by police, were in quantities that would be used for distribution or sale. Edwards' testimony included the following exchanges:
 
 
 7
 Q Who did the dealing as far as the cost was concerned?
 
 
 8
 We know the answer to that. I know it's difficult.
 
 
 9
 A By Al and Chuck.
 
 
 10
 Q So the two people that would be involved in the actual distribution or sale of these drugs was Mr. Smith and Chuck, last name?
 
 
 11
 A Mr. Ochsner.
 
 
 12
 Q Thank you. And in fact this apartment was being used as a place where the drugs could be sold, correct?
 
 
 13
 A Yes.
 
 
 14
 Q Okay. Your involvement in this was primarily to assist in the preparation of the baggies, and you also received some of the substances yourself; is that correct?
 
 
 15
 A Yes.
 
 
 16
 Q Now, if I ask you a question that you want to elaborate on, Jackie, or Miss Edwards, or you want to--just do it. And don't let me put words in your mouth. That's not the purpose of this hearing.
 
 
 17
 A I will. Thank you.
 
 
 18
 Q Along those lines, then, when the phone call came in, the concern was that the place was going to be busted or you folks were going to be arrested for distribution of these drugs, correct?
 
 
 19
 A Yes.
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 Q Now, you had seen Mr. Smith on occasion before April 27 actually deal the drugs?
 
 
 23
 A I'd rather not answer that.
 
 
 24
 Q I know you would rather not, Ms. Edwards, but you have your immunity.
 
 
 25
 A Yes. I did.
 
 
 26
 Q And he would exchange the drugs for money, and the money would then be used for living expenses and for food?
 
 
 27
 A Yes.
 
 
 28
 Smith stated during the sentencing hearing that "I wasn't selling dope."
 
 
 29
 The district court found that Smith did possess a firearm in connection with a controlled substance
 
 
 30
 based on the physical evidence, including the drugs in the possession of Ms. Edwards, the statement of Ms. Edwards to the Grand Jury, the previous statements to [police officer] Dailey, and the defendant's actions with regard to the Colt .380 when he was arrested, holding it in a concealed way and loaded with a cartridge in the cylinder.
 
 
 31
 Smith argues that the strongest evidence supports the position that Smith was a heroin addict found with personal use amounts of controlled substances, which, unlike the finding of possession with intent to distribute, would not warrant an enhancement under Sec. 4B1.4. Smith contends in particular that there are little, if any, indicia of the reliability of Edwards' grand jury testimony. He notes that Edwards' testimony was primarily mono-syllabic answers to leading questions and that she was not subject to cross-examination.
 
 
 32
 In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial; any information may be considered, so long as it has sufficient indicia of reliability to support probable accuracy. U.S.S.G. Sec. 6A1.3. Here, the statements at issue were made under oath, which supports their reliability. Moreover, the fact that the statements were not subject to cross-examination does not render them insufficiently reliable because Smith had the opportunity to object, and did object, to the facts as set out in the presentence report. See United States v. Notrangelo, 909 F.2d 363, 364-365 (9th Cir.1990) (Defendant's due process rights were not violated by sentencing court's reliance on information derived from testimony at a codefendant's trial, even though witness' testimony may not have been subject to challenge by defendant at the time it was given, where the defendant had the opportunity to object to the facts as set out in the presentence report). A district court's credibility determinations are, finally, entitled to great deference. See United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987).
 
 
 33
 From the facts determined to be credible by the district court, there existed a reasonable inference that Smith supported his drug addiction by selling drugs with Edwards and Ochsner, and that when Smith left the apartment in possession of the loaded firearm, he was protecting the narcotic inventory which was being carried in his fiance's purse. See United States v. Steward, 799 F.2d 580, 582 (9th Cir.1986) (district court may rely on inferences in sentencing). Accordingly, the district court did not clearly err in finding that Smith possessed the firearm in connection with a controlled substance offense.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3