97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry SHERBONDY, Jr., Defendant-Appellant.
 No. 95-50462.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, NOONAN, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry Sherbondy, Jr. appeals the district court's denial of his post-judgment motion to correct errors in the pre-sentence report pursuant to Fed.R.Crim.P. 32(c)(3)(D). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision that it lacked jurisdiction. United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir.1993). We vacate and remand for findings consistent with this memorandum disposition.
 
 
 3
 Sherbondy contends that the district court had jurisdiction to grant his post-judgment motion to correct errors in the pre-sentence report because his motion involved the correction of ministerial errors and could be made at any time under Fed.R.Crim.P. 36.
 
 
 4
 A district court's failure to comply with the technical requirements of Fed.R.Crim.P. 32(c)(3)(D) constitutes ministerial error which does not require resentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc). Clerical mistakes and errors in the record resulting from oversight or omission may be corrected by the court at any time. See Fed.R.Crim.P. 36. However, "once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report." United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir.1989) (per curiam).
 
 
 5
 Here, while his direct appeal was pending, Sherbondy filed a Rule 32 motion requesting that the district court: (1) rule on all factual objections made prior to sentencing; (2) strike all factual allegations from the pre-sentence report deemed not relevant to his sentence; and (3) correct his pre-sentence report to reflect the portions stricken by the court. Sherbondy failed to allege that his motion involved the correction of clerical mistakes under Rule 36 until after the government briefed the issue in its opening brief to this Court. Moreover, Sherbondy concedes that it is unclear from the record whether the district court committed any ministerial error.
 
 
 6
 We construe Sherbondy's motion as a Rule 36 motion and remand to the district court for a determination of whether ministerial error was committed. See Fernandez-Angulo, 897 F.2d at 1517. If the district court determines that it failed to append to the presentence report its findings and determinations resolving controverted matters at sentencing, then it should correct such error by appending its findings to the presentence report. If the district court determines that its findings and determinations were in fact appended to the presentence report, Sherbondy's motion should be dismissed as lacking merit. See Catabran, 884 F.2d at 1289.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3