98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael HARRIS, aka: "Tall Make", Defendant-Appellant.
 No. 95-50562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Harris appeals the district court's denial of his post-judgment motion for correction of his sentence. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a motion for correction of sentence for illegality or gross abuse of discretion. United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990). We affirm.
 
 
 3
 Harris contends that the district court erred by denying his motion for correction of sentence because this court's remand with respect to Harris's co-defendants requires the district court to resentence Harris. We disagree.
 
 
 4
 A district court's authority to resentence a defendant stems either from this court's mandate or from Fed.R.Crim.P. 35. United States v. Minor, 846 F.2d 1184, 1187-89 (9th Cir.1988). Under Rule 35(a), a district court has authority to correct an illegal sentence "only on remand from an appellate court which has determined that the sentence was 'imposed in violation of law, ... imposed as a result of an incorrect application of the sentencing guidelines, or ... [is] unreasonable.' " United States v. Henrique, 988 F.2d 85, 86 (9th Cir.1993) (per curiam) (quoting Fed.R.Crim.P. 35(a) (1988)). Moreover, once the district court has imposed sentence, it lacks jurisdiction under Rule 32 to hear challenges to a presentence report. United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir.1989) (per curiam).
 
 
 5
 Here, following a four-month jury trial in 1990, Harris and five co-defendants were convicted of various drug-related charges. This court affirmed Harris's conviction and sentence in an unpublished opinion. In a separate published opinion this court reversed co-defendants Villabona's and Bennett's continuing criminal enterprise convictions and remanded for resentencing or retrial. See United States v. Barona, 56 F.3d 1087, 1098 (9th Cir.1995), cert. denied, 116 S.Ct. 813 (1996). Harris then filed his "motion for resentencing under Rule 32."[1]
 
 
 6
 Insofar as Harris sought relief under Fed.R.Crim.P. 32, the district court had no authority to resentence him because this court previously affirmed Harris's conviction and sentence. See Henrique, 988 F.2d at 86; see also Catabran, 884 F.2d at 1289. Insofar as Harris sought relief under Fed.R.Crim.P. 35, the district court had no authority to hear challenges to his presentence report because the district court had already imposed Harris's sentence. See Catabran, 884 F.2d at 1289. Thus, the district court did not abuse its discretion by denying Harris's motion for resentencing or refusing to hold an evidentiary hearing. See Gonzales, 765 F.2d at 1396.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Harris filed his motion for correction of sentence under Rule 32 in the district court, he now argues on appeal that the motion was filed under Rule 35. Harris's recharacterization of his motion makes no difference because he is not entitled to relief under either Rule