**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50074 |
| Plaintiff - Appellee, | D.C. No. 2:90-cr-00877-SVW-1 |
| v. | |
| JORGE ROCA-SUAREZ, AKA George Roca, AKA Jorge Roca, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 5, 2013[**]
Pasadena, California

Before: GOODWIN, FISHER, and CLIFTON, Circuit Judges.

Jorge Roca-Suarez appeals from the district court's denial of motions (1) to

correct sentence pursuant to Federal Rule of Criminal Procedure 35(a); (2) to

correct sentence pursuant to a petition for writ of audita querela; and (3) for relief

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court granted a certificate of appealability for the first two claims but not the third. We dismiss the appeal for lack of jurisdiction.

The district court lacked jurisdiction over Roca's Rule 35(a) motion because it was untimely. Under the 1987 amendment to Rule 35(a), a court may correct a sentence with 14 days after sentencing. The amended version of the rule applied to Roca because the criminal activity for which he was convicted under Count I continued after the effective date of the amended Rule 35(a). *United States v. Henrique*, 988 F.2d 85, 86 (9th Cir. 1993).

Extraordinary relief via a petition for writ of audita querela is not available just because the desired relief would not be obtained under section 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A defendant may not bring a writ of audita querela where the claim is cognizable in a section 2255 habeas petition. *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) (holding that statutory limits or cases that are not applied retroactively are subject to review under section 2255). That Roca cannot bring a second or successive petition without this court's permission does not change that. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (stating that section 2255 remedy is not "inadequate or ineffective" merely because section 2255's gate-keeping provisions prevent the

2

petitioner from filing a second or successive petition).  Roca did not obtain permission from this court so the district court did not have jurisdiction to adjudicate his application for relief.  Furthermore, Roca should not be granted permission to file a successive petition to present the same *Apprendi* argument that was previously denied by the district court in an order affirmed by our court.

We deny Roca's application for a certificate of appealability for his Rule 60(b) argument.

**APPEAL DISMISSED**.