**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MICHAEL EDWARD TURMAN, Defendant - Appellant. | No. 13-10236 D.C. No. 1:08-cr-00207-LJO MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Michael Edward Turman appeals from the district court's order denying his

motion to amend either the presentence report ("PSR") or the judgment to include

information relating to his history of marijuana use. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Turman concedes that, at the time of his motion, the district court lacked

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

authority to modify his sentence but contends that the court nonetheless had authority under Federal Rule of Criminal Procedure 36 to modify both the PSR and the judgment, which, he argues, are distinct from the sentence itself. We review de novo. *See United States v. Carter*, 742 F.3d 440, 444 (9th Cir. 2014) (per curiam). "Rule 36 is a vehicle for correcting *clerical* mistakes . . . ." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). The district court lacked authority to modify either the PSR, *see United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) (per curiam) ("[O]nce the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report."), or the judgment, *see United States v. Ceballos*, 671 F.3d 854 (9th Cir. 2011) (per curiam) (district court lacked "authority to amend the sentence [to include a stipulated housing recommendation] after entry of the judgment and commitment order").

We need not reach the government's contention that Turman would be ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2) because the issue has no bearing on this appeal.

**AFFIRMED.**