**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10253 |
| Plaintiff-Appellee, | D.C. No. 1:95-cr-00114-FMTG |
| v. | |
| WARREN ANTONIO LEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances M. Tydingco-Gatewood, Chief Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Warren Antonio Lee appeals pro se from the district court's orders granting

his counsel's motion to withdraw a motion for a sentence reduction under 18

U.S.C. § 3582(c)(2), and denying his motion for reconsideration of the district

court's denial of his motion to amend the presentence investigation report ("PSR").

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993), we affirm.

Lee's counsel moved to withdraw the motion for a sentence reduction after determining that Lee was ineligible for a reduction. The district court did not abuse its discretion in granting the motion because counsel was correct—in light of the amount of the amount of drugs involved in the offense, Amendment 782 did not change Lee's base offense level or his Guidelines range, making Lee ineligible for a reduction. *See* 18 U.S.C. § 3582(c)(2); *United States v. Leniear*, 574 F.3d 668, 672–74 (9th Cir. 2009). Because counsel had a proper basis to withdraw the motion, Lee's argument that his counsel was ineffective is unavailing. In any event, there is no right to counsel in section 3582 proceedings. *See United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996).

Lee also fails to show that the district court abused its discretion in denying his motion for reconsideration of the denial of his motion to amend the PSR under Rule 36 of the Federal Rules of Criminal Procedure. As the court noted, this was its fourth denial of Lee's motion and Lee provided no new arguments that would warrant reconsideration of the court's previous denials. Further, the change sought

by Lee was more than a clerical change, *see United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) ("Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance."), and the district court lacked authority to correct alleged factual inaccuracies in the PSR after Lee's sentence was imposed, *see United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989).

Finally, Lee's various claims challenging his conviction and his assertion that his crimes involved "crank" methamphetamine rather than "ice" are not properly before the court. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (any claim unrelated to the Sentencing Commission's amendment to the Guidelines may not be raised in a section 3582(c)(2) proceeding).

Lee's motion for clarification is denied as moot.

**AFFIRMED.**

17-10253