**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald STUMP, Defendant–Appellant.**

No. 90–10075.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 1990.

Decided Sept. 10, 1990.

Deborah A. de Lambert and Robert J. Nelson, Asst. Federal Public Defenders, San Francisco, Cal., for defendant-appellant.

Rodolfo Orjales and Rory Little, Asst. U.S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before FLETCHER and BEEZER, Circuit Judges, and FITZGERALD,* District Judge.

FITZGERALD, District Judge:

Ronald Stump pled guilty to one count of submitting a false test report to the Department of Energy in violation of 18

U.S.C. § 1001 and one count of filing a false tax return in violation of 26 U.S.C. § 7206. He was sentenced on 3 August 1989 to five years imprisonment on the false statements count and three years probation on the tax count, with the conditions that he forfeit his only bank account and pay $125,000 in restitution.

On 27 November 1989 Stump filed a timely motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b). The government did not oppose Stump's motion, and later explained that it "saw no need to respond to the motion since no new facts or circumstances were presented to justify a reduction in sentence." Government's Motion For Reconsideration Of Defendant's Reduction Of Sentence at 2. The district court granted the motion on 12 January 1990 and reduced Stump's term of imprisonment from five to two years. All other terms and conditions of the original sentence were left undisturbed.

On 19 January 1990 the government filed a motion requesting the district court to reconsider its order reducing Stump's sentence. The court granted this motion on 30 January 1990 and reinstated Stump's original five-year term of imprisonment. Stump appeals the district court's order reinstating his original sentence.

The district court had jurisdiction over the original criminal action pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Stump contends that the district court did not have jurisdiction to reconsider its order reducing his sentence because the government did not file its motion for reconsideration within the time limit prescribed by Rule 35. Stump also contends that reinstatement of his original sentence subjected him to double jeopardy. The government argues that the district court had inherent jurisdiction to modify Stump's sentence and that such modification did not violate double jeopardy principles.

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

■ We review a district court's assumption of jurisdiction de novo. *United States v. Villapudua–Perada*, 896 F.2d 1154, 1156 (9th Cir.1990) (citing *United States v. Layton*, 855 F.2d 1388, 1394 (9th Cir.1988), *cert. denied*, 489 U.S. 1046, 109 S.Ct. 1178, 103 L.Ed.2d 244 (1989)). The district court's ruling on a Rule 35 motion is reviewed for illegality or gross abuse of discretion. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987); *United States v. Sparrow*, 673 F.2d 862, 864 (5th Cir.1982).

■ District courts do not have inherent power to resentence defendants at any time; their "authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35." *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir.1988); *accord United States v. Lewis*, 862 F.2d 748, 750 (9th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989). As there was no court of appeals mandate in this case, the district court's authority, if any, to resentence Stump must derive from Rule 35.

The version of Federal Rule of Criminal Procedure 35 that applies to this case[1] provides:

### Rule 35. Correction or Reduction of Sentence

(a) **Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) **Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

■ Rule 35 distinguishes among lawful sentences, "illegal" sentences, and sentences "imposed in an illegal manner." Fed.R.Crim.P. 35; *Fowler*, 794 F.2d at 1449. An illegal sentence may be corrected at any time, but a motion to reduce a lawful sentence or to correct a sentence imposed in an illegal manner must be made within the 120–day period prescribed by Rule 35. *Id.* As no assertion is made that Stump's original sentence or the modification was illegal, the 120–day time limit of Rule 35 was at play in the district court. Stump's motion to reduce his sentence was filed within this time limit, and the district court granted his motion "within a reasonable time." Fed.R.Crim.P. 35(b). The district court therefore properly acted within its jurisdiction and discretion when it reduced Stump's term of imprisonment.

■ The next question, of course, is whether or not the district court had the authority to consider and grant the government's motion seeking reinstatement of Stump's original sentence. Circuit precedent clearly establishes that the district court did not have such authority. The time limit prescribed by Rule 35 "is jurisdictional, and 'unless the 120 day requirement is met, the court has no jurisdiction or power to alter sentence.'" *Minor*, 846 F.2d at 1189 (quoting *United States v. United States District Court*, 509 F.2d 1352, 1354–55 (9th Cir.), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975)). The government's motion was filed more

---

**1.** Federal Rule of Criminal Procedure 35 was revised in 1985 with the advent of the federal sentencing guidelines. The revised rule applies to sentences for offenses committed after 1 November 1987, *see* Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266, 1266, and the prior version, which governs this case, applies to sentences for crimes committed before 1 November 1987. *Id.* § 22, 101 Stat. at 1271.

than five months after Stump's sentence was imposed, well after the time limit set by Rule 35.[2]

■ Even if the government's motion had been timely, Rule 35(b) simply does not authorize the action taken by the district court. As we have previously noted, "Rule 35(b) authorizes only *reductions* of otherwise legal sentences, and 'the negative pregnant inherent in rule 35(b)' prohibits increases of such sentences." *Minor*, 846 F.2d at 1189 (quoting *United States v. Henry*, 709 F.2d 298, 312 (5th Cir.1983) (en banc) (plurality opinion)); *see also United States v. Maynard*, 485 F.2d 247, 248 (9th Cir.1973) (if lawful sentence was lawfully imposed, then function of Rule 35 is simply to allow district court to decide if original sentence now seems "unduly harsh"). The district court's action cannot be justified under the inherent jurisdiction doctrine because, unlike the cases relied upon by the government, the reduction in Stump's sentence was not obtained by fraud or misrepresentation, *cf. United States v. Bishop*, 774 F.2d 771, 773–74 (7th Cir.1985) (court properly exercised inherent jurisdiction to vacate order modifying original sentence where court relied on defendant's misrepresentation in modifying sentence), nor was it caused by an error of fact or law, *cf. Villapudua–Perada*, 896 F.2d at 1156 (30–day period for appealing order tolled where defendant's escape and flight precipitated government's error in requesting dismissal of indictment).[3]

Because we conclude that the district court did not have jurisdiction to vacate Stump's reduced sentence and reinstate his original sentence, we need not address whether the district court's actions violated principles of double jeopardy.

The district court's order granting the government's motion for reconsideration is REVERSED, the reinstatement of Stump's original sentence is VACATED, and the case is REMANDED for resentencing consistent with this opinion.

**2.** For purposes of computing time under Rule 35, courts look to the date of the original imposition of sentence or other triggering events specified in Rule 35; the time does not begin to run anew after the original sentence has been reduced as a result of a timely motion. *United States v. Llinas*, 670 F.2d 993, 994–95 (11th Cir. 1982); 3 C. Wright, *Federal Practice and Procedure* § 587, at 408–09 & n. 7 (2d ed. 1982).

**3.** In granting Stump's motion to reduce his sentence, the district court was apparently persuaded by the material in "the file ... and submitted in support of the motion," and the fact that "no opposition ha[d] been filed by the United States of America." Order Granting Defendant's Motion To Reduce Sentence. The district court's order vacating the reduced sentence and reinstating the original sentence was "[b]ased on the entire record including all of the pleadings." Order Granting Reconsideration, Vacating The Order To Reduce Sentence, And Reinstating Original Sentence.