953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee COULTER, Defendant-Appellant.
 No. 90-50380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 16, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Lee Coulter appeals the district court's denial of a motion to correct his sentence pursuant to Fed.R.Crim.P. 35(a). Although the notice of appeal from the district court's order was untimely, the trial court found excusable neglect for the late filing. We therefore have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). Reviewing the trial court's denial for illegality or a gross abuse of discretion, United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990), we affirm.
 
 
 3
 Coulter pled guilty to (1) conspiracy to possess marijuana with the intent to distribute, pursuant to 21 U.S.C. §§ 841(a)(1), 846 (1988), and (2) possession of marijuana with the intent to distribute, pursuant to 18 U.S.C. § 2 (1988) and 21 U.S.C. § 841(a)(1). Coulter's only argument on appeal is that the district court abused its discretion by imposing consecutive sentences for conspiracy and possession where the possession was the object of the conspiracy. This argument is meritless. Generally, a substantive charge, and a conspiracy charge based on the substantive charge, are separate distinct crimes punishable separately. United States v. Wylie, 625 F.2d 1371, 1381 (1980); see also United States v. Bressette, No. 90-50621, slip op. 14559, 14560-61 (9th Cir. Oct. 24, 1991) (conviction of possession and conspiracy to possess methamphetamine affirmed). Nothing in the Comprehensive Drug Abuse Prevention and Control Act of 1970, under which Coulter was charged and sentenced, indicates that Congress intended to depart from this general rule. Wylie, 625 F.2d at 1381. This circuit recognizes that "Congress ... intend[ed] that a conspiracy to violate the Act should constitute a separate crime in addition to the substantive offense." Id. at 1382. Therefore, separate consecutive sentences for conspiracy and for the substantive offense are proper. Id.
 
 
 4
 The refusal of the district court to correct Coulter's sentence was not illegal or a gross abuse of its discretion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3