967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monte BERRETT, Defendant-Appellant.
 No. 91-10200.
 United States Court of Appeals, Ninth Circuit.
 June 17, 1992.
 
 Before JAMES R. BROWNING, ALDISERT,** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Monte Berrett, a federal prisoner, appeals pro se the district court's order dismissing his Fed.R.Crim.P. 35 motion for lack of jurisdiction. Berrett was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. On August 30, 1985, Berrett was sentenced to four years in prison. Berrett did not file his Rule 35 motion until March 12, 1991. Berrett contends that the district court erred by treating his Rule 35(a) motion for correction of an illegal sentence as a Rule 35(b) motion for reduction of sentence. We affirm.
 
 
 3
 Berrett filed alternative motions under Rule 35 and 28 U.S.C. § 2255. The district court dismissed the Rule 35 motion as untimely because Berrett did not file it within 120 days after his sentence became final. The court also determined that, although Berrett's motion falls within 28 U.S.C. § 2255, it was not filed on the proper forms required by Local Rule 215.
 
 
 4
 Dismissal of Berrett's Rule 35 motion on jurisdictional grounds is a final appealable order. See Sederquist v. Court, 861 F.2d 554, 555 (9th Cir.1988). Accordingly, we have jurisdiction under 28 U.S.C. § 1291 to review the dismissal. We review jurisdictional questions de novo. United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 5
 Former Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within" the 120-day time limit set out in Rule 35(b).[1] An illegal sentence includes "a sentence which is not authorized by the judgment of conviction," which is "in excess of the permissible statutory penalty for the crime," or which is in violation of the constitution. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986) (citations omitted), cert. denied, 479 U.S. 1094 (1987).
 
 
 6
 A Rule 35(a) motion to correct a sentence can be based on an alleged violation of Rule 32(c)(3)(D). United States v. Roberson, 896 F.2d 388, 390 (9th Cir.1990), amended on other grounds, 917 F.2d 1158 (9th Cir.1990). In that case, we treated Roberson's Rule 35 motion as an attack on the manner in which his sentence was imposed. Roberson, 896 F.2d at 390.[2]
 
 
 7
 In his Rule 35 motion, Berrett contends that despite his counsel's objections to factual inaccuracies in the presentence report, the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make findings as to the controverted facts, or stating that it would not rely on them in sentencing Berrett.[3] Berrett, however, does not properly challenge the legality of his sentence. He does not allege that his sentence was unauthorized by the judgment of conviction, nor that it was beyond that allowed for by law, nor that it was in violation of the constitution. See Fowler, 794 F.2d at 1449. Berrett's claim of ineffective assistance of counsel similarly does not challenge the legality of the sentence itself, nor does the related claim of violation of due process.
 
 
 8
 Therefore, we interpret Berrett's Rule 35 motion as one for correction of a sentence imposed in an illegal manner. See Roberson, 896 F.2d at 390. Accordingly, it should have been filed within 120 days from the time of sentencing. See Fed.R.Crim.P. 35(a). Berrett filed his motion more than five years after sentencing. Thus, the district court did not err in dismissing Berrett's untimely Rule 35 motion for lack of jurisdiction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 35 was revised by the Sentencing Reform Act of 1984. Because Berrett committed his crimes before November 1, 1987, the effective date of the Act, we apply the prior version of Rule 35
 
 
 [2]
 Specifically, we cited the 120-day statute of limitations applicable only to illegal manner challenges
 
 
 [3]
 Berrett also contends that he received ineffective assistance of counsel. Pursuant to the district court's order, Berrett is free to raise this claim in a 28 U.S.C. § 2255 motion filed on the proper forms. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987)