1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brigida ALVAREZ, also known as Brigida Vasilcyich Alvarez,
Defendant-Appellant.
 No. 92-2405.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1993.
 
 1
 Before: GUY and NELSON, Circuit Judges and HOOD, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying her motion to correct sentence filed under Fed.R.Crim.P. 35(a). She requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Brigida Alvarez pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine. On November 8, 1989, in accordance with the terms of the plea agreement, Alvarez was sentenced to a ten year term of imprisonment and ordered to pay a $50 special assessment.
 
 
 4
 On October 13, 1992, Alvarez filed the present motion to correct sentence pursuant to Fed.R.Crim.P. 35(a). She based her request for leniency in part on changed circumstances. Additionally, she claimed that her plea was involuntary, that she received ineffective assistance of counsel, and that her sentence was based on inaccuracies in the presentence report. The motion was summarily denied.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion. Rule 35(a) distinguishes between a motion to correct an illegal sentence and a motion to correct a sentence imposed in an illegal manner. See United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). While the district court may correct an illegal sentence at any time, a motion to correct a sentence imposed in an illegal manner must be brought within 120 days after sentence is imposed. Fed.R.Crim.P. 35(a); United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990). Because Alvarez has not challenged the legality of her sentence, she was subject to the 120-day restriction. Moreover, to the extent Alvarez sought a reduction of sentence based on changed circumstances, she was also required to file her motion within 120 days of sentencing. Fed.R.Crim.P. 35(b). The motion was untimely because it was filed outside the 120-day period.
 
 
 6
 When alternatively construed as a motion filed under 28 U.S.C. Sec. 2255, the motion to correct sentence lacks merit. Alvarez's assertions that the sentencing court relied on errors in the presentence report, that the government breached the plea agreement, and that ineffective assistance of counsel rendered her plea involuntary are not supported by the record.
 
 
 7
 Accordingly, the request for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation