41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton Clark BINGHAM, Defendant-Appellant.
 Nos. 93-10615, 94-10217.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Alton Clark Bingham appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct his pre-United States Sentencing Guidelines sentence. Bingham contends that his sentence violates the double jeopardy clause and that the indictment in his case was duplicitous. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Background
 
 3
 In 1984, Bingham forged the endorsements of Odell and Eva Lopp on the backs of four separate United States Treasury checks issued to the Lopps. These checks had a combined value of approximately $195,000. Then, representing that the signatures were genuine, Bingham deposited those checks in the bank account of Oro-Tech Industries, a company which he had helped form and of which he was the director. He listed the deposits as a loan from himself to Oro-Tech.
 
 
 4
 In 1988, Bingham prepared a late tax return for the year 1984. On that tax return, he failed to include as income any of the money which he had gained as a result of this fraud.
 
 
 5
 He was subsequently caught and charged in a 14-count superseding indictment with one count of making and subscribing a false income tax return in violation of 26 U.S.C. Sec. 7206(1) (Count 1), four counts of forgery in violation of 18 U.S.C. Sec. 495 (Counts 2-5), four counts of delivery of United States obligations bearing forged endorsements in violation of 18 U.S.C. Sec. 510(b) (Counts 6-9), four counts of uttering, passing and publishing of U.S. obligations in violation of 18 U.S.C. Sec. 510(a) (Counts 10-13), and one count of aiding in the preparation of a false and fraudulent tax return in violation of 26 U.S.C. Sec. 7206(2) (Count 14). Bingham also was charged with aiding and abetting in Counts 2-13.
 
 
 6
 Following a jury trial, Bingham was convicted on all counts except count 14. Count 1 was punishable under the Sentencing Guidelines; the remaining counts were all pre-Guidelines offenses. Bingham appealed his convictions, and we affirmed. United States v. Bingham, No. 91-10191, unpublished memorandum disposition (9th Cir. Mar. 18, 1992).
 
 
 7
 Subsequently, Bingham filed the instant motion for correction of an illegal sentence under Fed.R.Crim.P. 35(a), seeking to challenge only the sentences imposed for Counts 2-13, the pre-Guidelines offenses.[1] The district court denied his motion, and Bingham appealed.
 
 
 8
 Before briefing, Bingham requested a limited remand to the district court for the purpose of raising certain new issues. Following the district court's indication that it was willing to accept a limited remand, we issued an order stating in relevant part:
 
 
 9
 Appellant's motion to remand this case to the district court is granted. This case is remanded to the district court for the limited purpose of considering newly discovered evidence.
 
 
 10
 United States v. Bingham, No. 93-10615 (9th Cir. Sept. 8, 1994) (ordering granting request for limited remand).
 
 
 11
 On remand, however, Bingham presented the district court with a new legal argument, not newly discovered evidence, claiming that the fact that the indictment listed both substantive offenses and aiding and abetting was duplicitous and a violation of the Double Jeopardy Clause. The district court addressed and rejected the issue raised.
 
 
 12
 Bingham appealed this denial under a separate appeals docket number, and the two appeals were ordered consolidated by this court.
 
 B. Analysis
 1. The Sentencing Issue
 
 13
 Bingham contends the sentencing court violated the Double Jeopardy Clause when it allegedly sentenced him on both the pre- and post-Guidelines counts based upon the exact same conduct. This contention is without merit.
 
 
 14
 We review de novo the legality of a sentence. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988).
 
 
 15
 Bingham was sentenced under the Guidelines on Count 1, the fraudulent tax return conviction, to 18 months incarceration. The sentencing court found that Bingham had filed in 1988 a delayed 1984 tax return and that he had failed to report $195,000 in income on that tax return. Bingham was sentenced to 24 months on each of Counts 2-13, to be served concurrent to each other but consecutive to the sentence in Count 1. The income Bingham failed to report in Count 1 was gained as a result of the fraudulent pre-Guidelines activities for which he was convicted in Counts 2-13. This connection is the crux of Bingham's argument.
 
 
 16
 Bingham relies on our decisions in United States v. Niven, 952 F.2d 289 (9th Cir.1991), and United States v. Scarano, 975 F.2d 580 (9th Cir.1992), as support for his argument. These cases are inapposite.
 
 
 17
 Niven and Scarano stand for the proposition that in cases where the harm caused by both the pre- and post-Guidelines conduct is of a type which could be aggregated under the Guidelines, the sentencing court may not incorporate the losses from the non-Guidelines counts into its calculation of the Guidelines sentence and then impose a consecutive sentence for the non-Guidelines count. Scarano, 975 F.2d at 586; Niven, 952 F.2d at 293-94. If the sentencing court wishes to impose consecutive sentences, it must separate out the harm caused by the non-Guidelines and Guidelines counts. Scarano, 975 F.2d at 586; Niven, 952 F.2d at 293-94.
 
 
 18
 No such error occurred here. In Count 1, Bingham was convicted of defrauding the United States of tax due on income which he failed to report on a tax return prepared in 1988. This resulted in a tax underpayment of over $54,000. Counts 2-13, however, involved the 1984 theft by fraud of approximately $195,000 in U.S. Treasury obligations, a different harm which occurred at a different period of time. See U.S.S.G. Sec. 3D1.2(d) (1990) (identifying which offenses should be grouped together for purposes of determining aggregate harm).
 
 
 19
 As we noted in Scarano, nothing in the Guidelines or the Sentencing Reform Act precludes imposition of consecutive sentences for Guidelines and non-Guidelines convictions. See Scarano, 975 F.2d at 586. Under these circumstances, the district court did not err by imposing upon Bingham a consecutive sentence for his pre- and post-Guideline criminal conduct. See id. at 586; Niven, 952 F.2d at 294.
 
 2. The Issue Raised on Remand
 
 20
 Bingham contends the district court erred by rejecting his argument that the indictment was duplicitous as to Counts 2-13 because the indictment alleged violations of both the substantive offenses as well as 18 U.S.C. Sec. 2, the aiding and abetting statute. We conclude that the district court was without jurisdiction to consider this issue on remand and affirm the denial of Bingham's Rule 35(a) motion on that basis.
 
 
 21
 Our remand order in the instant case specifically limited the jurisdiction of the district court to considering "newly discovered evidence." Instead, Bingham raised a new legal theory involving the phrasing of the indictment and the jury instructions. Not only did this theory not rest on new evidence, based as it was on documents and other evidence presented during Bingham's trial, but also the argument is one not cognizable under Rule 35(a).
 
 
 22
 Rule 35(a) provides an avenue for correction of an illegal sentence. Fed.R.Crim.P. 35 (1987); United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993). Bingham's challenge on remand, however, was to his convictions on Counts 2-13, not the sentence he received on those counts. As such, this would have to have been construed as a motion under 28 U.S.C. Sec. 2255. See id. at 943. Under no circumstances can our limited remand in this case be construed so as to permit Bingham to raise, and the district court to address a new legal theory brought under a different statute.
 
 
 23
 Accordingly, the district court exceeded its jurisdiction on remand by addressing Bingham's motion to vacate his convictions. Cf. United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990) (district court's jurisdiction on remand limited to issues authorized by court of appeals mandate). We affirm the district court's denial of Bingham's argument not on the merits, as the district court did, but on the ground that the district court was without jurisdiction to entertain that argument on remand. See United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.) (appellate court may affirm on any basis finding adequate support in the record), cert. denied, 461 U.S. 936 (1983).
 
 
 24
 We deny as moot Bingham's motion for bail pending appeal.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Rule 35(a) has since been substantially amended, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987, the effective date of the Sentencing Guidelines, provides:
 The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.