43 F.3d 1480
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Felix PADILLA-DURAN, Defendant-Appellant.
 No. 94-50042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1994.*
Decided Dec. 14, 1994.
 
 1
 Before: FARRIS, POOLE, and KOZINSKI Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Felix Padilla-Duran was convicted of conspiracy to import marijuana, importation of marijuana, conspiracy to possess marijuana with intent to distribute, and possession of marijuana with intent to distribute. On appeal he argues that (1) one count in the indictment was misjoinded and should have been severed for trial, and (2) a Pinkerton instruction confused the jury and improperly took from them the question of his individual guilt. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 I. Joinder and Failure to Sever
 
 4
 The indictment charged Padilla with two counts of importation of marijuana, the first occurring on January 11, 1992 (count two) and the second on May 3, 1992 (count three). The indictment did not allege that Padilla committed any overt acts with respect to count two, but he was linked to that crime through a conspiracy charge. He was alleged to have committed numerous overt acts in connection with count three.
 
 
 5
 Padilla argues that under Federal Rule of Criminal Procedure 8(b), count three of the indictment should have been severed from the trial of the other counts because he was prejudiced as to count two by the spillover of strong testimony concerning count three. Although he relies only on Rule 8(b), his argument is more aptly described as one based on Rule 14. Under either rule, his argument is meritless.
 
 A. Joinder under Rule 8
 
 6
 We review de novo joinder of offenses or parties under Rule 8. United States v. Smith, 795 F.2d 841, 850 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987).
 
 
 7
 Padilla contends that the prejudicial spillover effect of strong evidence presented on count three, dictates a finding of misjoinder under Rule 8. His argument misapprehends the scope of this rule. "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." United States v. Terry, 911 F.2d 272, 276 (9th Cir.1990).
 
 
 8
 Although Padilla challenges the joinder of charges, he argues that because multiple defendants were involved, the language of Rule 8(b), dealing with joinder of defendants, controls. Here, joinder was proper under both parts of Rule 8. All crimes charged in the indictment, relating to a drug importation and distribution conspiracy, were "of the same or similar character." Rule 8(a). In addition, all of the defendants were alleged coconspirators in one unified conspiracy and, therefore, were "alleged to have participated ... in the same series of acts or transactions constituting an offense or offenses." Rule 8(b).
 
 B. Failure to Sever under Rule 14
 
 9
 Counts properly joined in an indictment under Rule 8 may, nonetheless, require severance under Rule 14 to avoid prejudice to the defendant at trial. United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir.1994). Where an objection is properly preserved, we review the district court's failure to sever for abuse of discretion. Id.
 
 
 10
 Ordinarily, "a Rule 14 motion to sever must be renewed at the close of the evidence or it is waived." Terry, 911 F.2d at 277.[1] Under circumstances evidencing the defendant's diligent pursuit of the motion, failure to renew at the close of evidence will be excused. Vasquez-Velasco, 15 F.3d at 845. A pretrial motion, however, is insufficient for this purpose. United States v. Free, 841 F.2d 321, 325 (9th Cir.), cert. denied, 486 U.S. 1046 (1988). Padilla raised this issue only in a pretrial motion. He has waived the objection. See United States v. Restrepo, 930 F.2d 705, 711 (9th Cir.1991).
 
 II. Pinkerton Instruction
 
 11
 We review for abuse of discretion the district court's formulation of jury instructions. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992). The district court did not abuse its discretion in giving the Pinkerton instruction.[2]
 
 
 12
 A. Propriety of Giving a Pinkerton Instruction
 
 
 13
 Under Pinkerton v. United States, 328 U.S. 640 (1946), a "party to an unlawful conspiracy may be held responsible for substantive offenses committed by his co-conspirators in furtherance of the unlawful project, even if the party himself did not participate directly in the commission of the substantive offense." United States v. Crespo de Llano, 838 F.2d 1006, 1019 (9th Cir.1987). A Pinkerton instruction is proper where the prosecution has "offer[ed] some evidence showing that the co-conspirator knowingly joined with others to accomplish an illegal purpose, and that the conspirator knew the essentials of the conspiracy." United States v. Mills, 704 F.2d 1553, 1566 (11th Cir.1983) (citations omitted), cert. denied, 467 U.S. 1243 (1984).
 
 
 14
 As it relates to the January 11 importation count, the record reflects sufficient evidence for the district judge to give the Pinkerton charge. Padilla introduced himself to Anita Wirt, a participant in the May 3 importation, as the "partner" of Abraham Magana, the coconspirator who hired Roy Clark, Bernadette Kraft and James Dover to drive the January 11 load across the border. Jack Wirt, another participant in the May 3 importation, testified that Padilla told him that in January 1992 he lost a 400 pound load of marijuana being transported by a white couple driving a pickup truck. The January 11 load weighed approximately 404 pounds and was hidden in the bed of a pickup truck driven by Kraft and Dover. Evidence seized at Padilla's home placed him at the Fiesta Americana Hotel in Tijuana, Mexico on January 11, 1992. It was on that day, at the same hotel, that Abraham Magana delivered to Kraft and Dover the marijuana laden truck. The judge properly gave a Pinkerton charge. See Mills, 704 F.2d at 1566.
 
 
 15
 B. Propriety of the Pinkerton Instruction Given
 
 
 16
 The Pinkerton charge used is substantively the one approved of in United States v. Vasquez, 858 F.2d 1387, 1393 and n. 3 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989), and almost identical to the model instruction contained in Manual of Model Jury Instructions for the Ninth Circuit, Sec. 8.05E (1992). Padilla contends that by initially reading an incorrect Pinkerton charge and then pointing out and clarifying the mistake, the district judge misled and confused the jury. In fact, the district judge did not misread the Pinkerton charge. Rather, after reading the instructions as drafted, she concluded that instruction 32, directing the jury to determine only whether Padilla, and not any other person, was guilty, conflicted with the Pinkerton instruction. Before recharging the jury, the district judge called a side-bar to discuss the problem with counsel. There was no objection to her proposal to clarify that instruction 32 did not apply to the Pinkerton charge. The clarification simply restates the Pinkerton rule. It was not error and certainly not plain error.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "[T]here is no such requirement for a Rule 8 motion." Id
 
 
 [2]
 Because the district court did not abuse its discretion, we need not decide whether defendant's objection satisfied the requirements of Federal Rule of Criminal Procedure 30