43 F.3d 1480
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Chris SCHUKAY, Defendant-Appellant.
 No. 94-30154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 1
 Before: D.W. NELSON, HALL, and, TROTT Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dennis Chris Schukay appeals the denial of his motion to modify his sentence. We conclude that the district court was without jurisdiction to entertain the motion, therefore, we dismiss this appeal.[1]
 
 
 4
 Schukay was indicted on federal extortion charges in November 1991. Within the week, Schukay committed several unrelated state crimes. He entered a guilty plea to the federal charges prior to his arrest on the state charges. In March 1992, he was sentenced in federal court. Later that year, Schukay pleaded guilty to the state charges. The state court sentenced him and ordered that the state sentence run consecutive to the federal sentence.
 
 
 5
 In March 1994, Schukay filed a motion to amend the federal sentencing order. The essence of Schukay's argument was that the federal sentence prevented him from entering a work release program through the state prison and that the court should exercise its discretion to amend the federal sentence to run concurrently with the state sentence. The government argued that the district court lacked the authority to consider the motion, filed two years after sentencing, or to afford any relief. Without discussing jurisdiction, the district court denied the motion on the merits and directed Schukay to seek relief from the state court.
 
 
 6
 We review de novo the district court's assumption of jurisdiction. United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 7
 A district court does not have inherent power to resentence a defendant at any time; such authority must arise from a mandate following an appeal or Fed.R.Crim.P. 35. Id. Rule 35(a) allows this court to order a sentence corrected pursuant to a successful appeal; Rule 35(b) allows the government to move for a reduced sentence based on substantial assistance; and Rule 35(c) allows the district court to correct a clerical error in the sentence. None of these situations applies here, thus the district court lacked jurisdiction to modify Schukay's sentence. See id.
 
 
 8
 Finally, we decline to construe Schukay's request as a motion to correct a sentence imposed in violation of the law pursuant to 28 U.S.C. Sec. 2255 because, first, Schukay is represented by counsel, see United States v. Henrique, 988 F.2d 85, 86 (9th Cir.1993) (per curiam), and, second, Schukay is not entitled to relief because the state court expressly directed the state sentence to run consecutively to the federal sentence, see United States v. Mun, No. 93-30286, slip op. at 7899-902 (9th Cir. filed July 18, 1994).
 
 
 9
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both parties make irrelevant arguments about the timeliness of this appeal. The date of entry of an order triggers the time period for an appeal. Fed.R.App.P. 4. The appeal was timely