68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
J. Robert GOMEZ-SOTO, Defendant-Appellant.
 No. 94-10460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J. Robert Gomez-Soto, a federal prisoner, appeals pro se the district court's denial of his Rule 35 motion. He contends the district court erred when it denied him relief. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm in part, vacate in part, and remand.
 
 
 3
 "The district court's ruling on a Rule 35 motion is reviewed for illegality or gross abuse of discretion." United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990). A prisoner sentenced under pre-Guidelines law can move under Rule 35 to correct an illegal sentence at any time. Id. However, the district court lacks jurisdiction to consider motions to reduce a lawful sentence or to correct a sentence imposed in an illegal manner after the 120-day period prescribed by Rule 35. Id.
 
 
 4
 On July 1, 1983, after the jury found Gomez-Soto guilty of conspiring to murder officers and employees of the United States, the district court sentenced Gomez-Soto under pre-Guidelines law to life in prison. On February 19, 1988, the district court denied Gomez-Soto's first Rule 35 motion and this court later dismissed his untimely appeal for lack of jurisdiction. On May 23, 1994, Gomez-Soto filed his second Rule 35 motion. On August 29, 1994, the district court denied the motion as untimely and meritless.
 
 
 5
 Gomez-Soto raises a number of matters in his second Rule 35 motion. In part, he seeks a reduction in sentence for numerous reasons, including that he is seventy years old and in poor health. The district court properly concluded that the motion for reduction of sentence was untimely filed. See id.
 
 
 6
 Gomez-Soto's second Rule 35 motion, however, is not simply a request for reduction of his sentence. Gomez-Soto also contends that: (1) there is "a plethora of documented evidence of perjurious testimony presented at his trial;" and (2) there was no underlying substantive crime in this case because there could be no conspiracy with a "paid professional inmate agent informant." The district court never addressed these contentions. Because these two contentions implicate the validity of Gomez-Soto's conviction, the district court should have construed these aspects of Gomez-Soto's second Rule 35 motion as a challenge to his conviction pursuant to 28 U.S.C. Sec. 2255. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987). Accordingly, we remand with instructions for the district court to consider these two issues as a section 2255 motion.[1] We express no opinion on the merits of either issue. The district court's judgment is otherwise affirmed.
 
 
 7
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Gomez-Soto's Excerpts of Record, received by this court on January 26, 1995, and his Addendum to Appellant's Opening "Short Form" Brief, received by this court on June 21, 1995, are ordered filed
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Gomez-Soto raises a number of issues not raised in district court. We decline to address those issues on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990). Our remand is limited to the two issues which Gomez-Soto raised in district court. See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam), cert. denied, 115 S. Ct. 777 (1995) (when remand order is limited expressly to certain issues, district court lacks power to consider other issues upon remand)