145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff--Appellee,
v.
Ciro Wayne MANCUSO, Defendant--Appellant.
 No. 97-10423.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the District of Nevada.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 REED, J., Presiding
 
 
 1
 Submitted May 14, 1998**
 
 
 2
 Ciro Wayne Mancuso appeals pro se the district court's denial of his motion for reduction of sentence pursuant to former Federal Rule of Criminal Procedure 35(b), and from the denial of his motion to reconsider the Rule 35(b) motion to reduce his sentence imposed following his guilty plea to conducting a continuing criminal enterprise in violation of 21 U.S.C. §§ 848(a) and 853(a), and income tax evasion in violation of 26 U.S.C. § 7201. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for illegality or gross abuse of discretion, see United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990), and affirm.
 
 
 3
 Mancuso contends that the government violated the plea agreement by failing to provide him with greater opportunity to act as a cooperating witness. This contention lacks merit because the government fulfilled its obligations to Mancuso under the plea agreement. See United States v. Floyd, 1 F.3d 867, 870 (9th Cir.1993).
 
 
 4
 Mancuso also argues that the district court abused its discretion by refusing to reduce his sentence based upon his post-sentence cooperation. Because the district court's decision to deny Mancuso's Rule 35(b) motion was based upon consideration of relevant factors, the district court did not abuse its discretion by refusing to reduce Mancuso's sentence. See United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.1986); see also United States v. Williams, 780 F.2d 802, 803 (9th Cir.1986). Additionally, Mancuso had every opportunity to place relevant evidence before the district court, and the district court did not abuse its discretion by denying Mancuso's motion for reconsideration and his requests for evidentiary hearings. See Stump, 914 F.2d at 172; United States v. Krueger, 454 F.2d 1154 (9th Cir.1972). Finally, Mancuso's claim of ineffective assistance of counsel is not properly raised in a Rule 35 motion. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4