**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rodney BROWNING, Defendant– Appellant.**

No. 01–50221.

D.C. No. CR–87–00571–SVW.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Counsel's motion to withdraw also included a request for appointment of new counsel. That request is denied.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

## MEMORANDUM**

Rodney Browning appeals pro se the district court's denial of his third motion under Federal Rule of Criminal Procedure 35(a)[1] as well as the district court's dismissal of his motion to reconsider. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing for "illegality or gross abuse of discretion," *United States v. Stump*, 914 F.2d 170, 172 (9th Cir.1990), we affirm.

The sentences imposed on Counts 1 and 23 do not exceed the applicable statutory maximums because the indictment and jury instructions together required the jury to find the drug quantities necessary to support the sentences imposed. The sentence imposed on Count 15 does not exceed the statutory maximum because the sentencing provision used did not require that a specific drug quantity be found. *See* 21 U.S.C. § 841(b)(1)(C). Even assuming a challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), can be brought via Rule 35, *cf. United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002), there is no violation of the rule established by *Apprendi* because Browning's sentences do not exceed the statutory maximums.

It was proper for the district court to consider facts relating to Browning's prior and uncharged criminal activity at sentencing, given that these facts did not lead to an increase in the statutory maximum. *See Apprendi*, 530 U.S. at 490; *United States v. Restrepo*, 946 F.2d 654, 655 (9th Cir.1991) (en banc) ("It is undisputed that in pre-Guidelines practice, a sentencing judge was free to consider or to decline to consider any and all information about a defendant's background and relevant conduct without a requirement that the information meet any particular standard of proof.").

Browning contends that the court erred when it sentenced him to life *with* the possibility of parole, rather than without. Assuming Browning is correct, we nonetheless decline to reverse on this ground because Browning was not harmed by any such error. *See generally* Fed.R.Crim.P. 52(a).

We decline to address the other issues raised by Browning on appeal because he did not raise them below. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).[2]

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We deny Browning's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts' of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The prior version of Rule 35(a), which allowed a defendant to move to correct an illegal sentence at any time, applies because Browning committed his offenses before November 1, 1987. *See United States v. Stump*, 914 F.2d 170, 172 n. 1 (9th Cir.1990).

2. Browning's motion to proceed in forma pauperis is denied as moot.