**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin P. RUTHERFORD; Nanja**
**Rutherford, Defendants–**
**Appellants.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

**United States of America,**
**Plaintiff–Appellee,**

v.

**Martin P. Rutherford; Nanja**
**Rutherford, Defendants–**
**Appellants.**

Nos. 06–10756, 07–10146.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 7, 2007.

Alan Hechtkopf, Esq., Mark S. Determan, U.S. Department of Justice, Tax Division, Mark S. Determan Washington, DC, for Plaintiff–Appellee.

Richard W. Young, Law Offices of Richard W. Young, Reno, NV, Kevin J. Mirch, Esq., Marie Mirch, Mirch & Mirch, Reno, NV, for Defendants–Appellants.

Before: COWEN,** HAWKINS, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Martin and Nanja Rutherford appeal the district court's denial of their second motion for new trial. We affirm.

The district court correctly concluded that the Rutherfords' 2006 motion was untimely. Under Fed.R.Crim.P. 33, a defendant has three years *from the verdict or finding of guilty* to file a motion for new trial based on newly discovered evidence.[1] The Rutherfords argue that there was no reason for them to file their second motion for new trial while they still might be successful on the first. But this rationale flies in the face of Rule 33, which clearly contemplates that all such motions must be filed within three years *even if* there is a pending appeal (the rule only precludes the district court from *ruling* on the motion while the appeal is pending).

The Rutherfords also contend that the district court abused its discretion by failing to excuse their untimely filing under the doctrine of "excusable neglect." Fed.R.Crim.P. 45(b)(1)(B). However, the district court carefully considered the relevant factors, including the danger of prejudice to the nonmoving party, the length of the delay, the reasons for the delay and whether the moving party was acting in good faith. The court's conclusion that the Rutherfords had not offered a good justification for their extraordinary delay was not an abuse of discretion.

The Rutherfords further claim they are entitled to a new trial, or at least resentencing, because of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Again, the district court properly noted a variety of reasons why this claim must fail as well.

As this claim is not based on newly-discovered evidence, it should have been raised within seven days of trial. Fed.R.Crim.P. 33. Moreover, this court's mandate issued in September 2002, well before *Booker* was decided. *Booker* does not apply to convictions that were final on direct review before its pronouncement. *United States v. Cruz*, 423 F.3d 1119, 1120–21 (9th Cir.2005).

Because our mandate had already issued, the district court also lacked authority to readjudicate the Rutherfords' sentences. *See United States v. Stump*, 914 F.2d 170, 172 (9th Cir.1990). Rather, the proper procedure would be to file a motion in this court to recall the mandate. *See Carrington v. United States*, 503 F.3d 888, 891 (9th Cir.2007). However, even if we were to construe the Rutherfords' briefing as making such a request, we would deny it. Not only is this remedy one that must be used sparingly and only in extraordinary circumstances, *id.* at 891–92, but in this case, the district court actually reviewed all the factors enumerated in § 3553 and concluded that even if it could sentence under the advisory guidelines, it would not have imposed a materially different sentence.[2]

AFFIRMED.

---

**1.** Although the Rutherfords argue that this court vacated their conviction with its 2004 opinion, and that the clock did not start to run again until the conviction was "reinstated," this is inaccurate: all this court's 2004 opinion vacated was the district court's order denying their motion for new trial. *United States v. Rutherford*, 371 F.3d 634, 635 (9th Cir.2004) ("[W]e vacate the district court's ruling, and remand for further proceedings.") (emphasis added).

**2.** For the same reason, even if the Rutherfords' direct appeal was not final when *Booker* was decided because of their pending petition for certiorari regarding the first motion for new trial, they would at most be entitled to a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en

banc), which is clearly unnecessary in this case in light of the district court's clear guidance on how it would rule under an advisory regime.

